## DAVIS, ADM'X, VS. HARE.

1. *How defective complaint cured by answer.*

A bill to quiet title to land did not show such color of title in the defendant as cast any cloud upon the plaintiff's title, but the answer set up a title in the defendant under a deed that was good on its face and would require proof of extrinsic facts to show its invalidity; held, upon demurrer reserved in the answer, that the averments of the answer cured the defects of the complaint, and the demurrer was properly overruled.

2. EVIDENCE: *Depositions, when suppressed.*
　Depositions may be suppressed on account of some irregularity in the mode of taking them, but not for irrelevancy, or because of the matter deposed to.

3. ———: *Competency, etc.*
　When land is erroneously assessed twice, in different names, the collector, who returns it as delinquent, is a competent witness to prove the payment of the taxes by the owner of the land.

4. TAXES: *Forfeiture.*
　Where lands upon which the taxes have been paid are erroneously returned delinquent and forfeited to the State, the forfeiture is void, and a purchaser from the State acquires no title.

APPEAL from *Cross* Circuit Court in Chancery.

Hon. L. L. MACK, Circuit Judge.

*Adams*, for appellant.

*Rose*, contra.

HARRISON, J.:

Thomas P. Hare filed his complaint in equity against Thomas C. Smith, in which he alleged, in substance, that, on the 29th day of October, 1851, he purchased from Abel Caudle, the then owner, the southwest quarter of section twenty-two, in township eight north of range three east, and paid him therefor, and received from him a deed, and had from that time held peaceable and adverse possession thereof.

But that the defendant had procured from some person, from whom he did not know, some kind of a deed or conveyance of the land, which cast a cloud upon his title; and he prayed that the defendant should be compelled to disclose the nature of his title or claim and that his deed or conveyance be cancelled and his, the plaintiff's title be quieted.

The defendant filed an answer which he made a counter-claim. He denied that the plaintiff was the owner of the land and asserted and claimed title in himself by purchase from the State, and an Auditor's deed in pursuance thereof, executed on the 26th

day of August, 1875, and prayed a decree for the possession of the land, and for the rents, and profits from the date of his purchase.

The Auditor's deed, which was made an exhibit with the answer, recited, that the said quarter section had been forfeited to the State for the non-payment of taxes for the year 1857; that it had been afterwards offered for sale by the Auditor and not sold for the want of a bidder, and that the defendant had since applied to the Commissioner of State Lands to purchase it, and had purchased the same from the State.

The defendant also filed with his answer a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which the court overruled.

The plaintiff answered the counter-claim, and averred that he had paid the taxes on the land for 1857, and denied that it had been forfeited to the State.

The defendant moved to suppress the depositions of the plaintiff and Thomas L. Standley taken in behalf of the plaintiff, on the ground that the plaintiff could not be allowed to contradict the recitals in the Auditor's deed, which motion was overruled.

Upon the hearing the court found that the taxes on the land for 1857, had been paid by the plaintiff, and the same had not been legally forfeited; and decreed that the deed from the Auditor to the defendant should be cancelled and set aside.

The defendant appealed.

Since the cause has been in this court, the defendant has died, and it has been revived in the name of Virginia H. Davis, his administratrix.

The complaint was vague and indefinite, and it did not appear from it, that the defendant's deed showed such color of title in him as required the establishment of extrinsic facts to disprove

his title, or that it cast any cloud upon the plaintiff's. *Chaplin* v. *Holmes*, 27 Ark., 414.

But the answer of the defendant dispensed with the necessity for more specific averment because it set up and relied upon, as a defense to the action, and as the foundation of the counter-claim, a deed valid upon its face, and requiring proof of extrinsic facts to show its invalidity and dispel the cloud it cast. *Pindall et al.* v. *Trevor & Colgate*, 30 Ark., 249; *Williams et al.* v. *Ewing & Fanning*, 31 Ark., 229.

The demurrer therefore was properly overruled.

And so was the motion to suppress the depositions.

Depositions may be suppressed on account of some irregularity in the taking, but not for irrelevancy or because of the matter deposed to. *Vaugine* v. *Taylor*, 18 Ark., 65.

The deposition of the plaintiff was read in his own behalf. He deposed, that he had owned and lived upon the land in controversy twenty-five years, and that he paid the taxes on it for the year 1857, to Thomas L. Standley, the sheriff and collector of taxes of Poinsett County, in which county the land then was, and took from him a receipt, but which, after diligent search, he was unable to find, and the same was lost or mislaid.

As further evidence of the payment, he then offered to read the deposition of said Standley, to which the defendant objected because it tended to contradict his official certificate and return that the taxes were not paid. The court overruled the objection. Standley deposed that he was sheriff and collector of taxes of Poinsett County in the years 1857 and 1858, and that the land which was then in that county was assessed in 1857, in the name of the plaintiff, and the taxes for that year were duly paid by the plaintiff; that when the taxes were paid he so denoted or marked them on the tax book, and it so appeared from the old tax books

still in his possession, and he thought that he gave the plaintiff a receipt.

The land, he said, might have been returned delinquent for that year, but it was not so returned in the plaintiff's name as owner.

The defendant read as evidence on his part the Auditor's deed, and three certified transcripts from the records in the Auditor's office, the *first* showing that the land was that year assessed in the plaintiff's name; the *second* that it was also assessed in name of J. Thompson's heirs, and the *third* that it had been returned delinquent in the name of J. Thompson's heirs.

The objection taken below, and insisted upon here by appellant's counsel that as Standley had returned the land delinquent, he could not be admitted as a witness to prove that the taxes were paid, cannot be sustained.

We can see no just reason why one whose land has been wrongfully sold for taxes, should not be admitted to prove by the collector, the person most likely to know the fact, that the taxes had been paid. It often happens, as it clearly did in this case, that lands are, through error or inadvertence, returned delinquent upon which the taxes have been paid, and it may be that the collector is the only witness by whom the payment can be proven.

Blackwell says: "The payment of the tax being matter *in pais*, may be proven by oral evidence; it is not necessary to introduce the collector's books, or his receipt, or produce the assessment, but the collector or other officer to whom the payment was made, the agent of the owner, or any person present, at the time of the payment, are competent witnesses to prove the fact." Black. Tax Titles, 489.

In case of *Biscoe* v. *Coulter*, 18 Ark., 423, referred to by counsel, does not sustain the objection, but is an authority the

other way.  In that case the competency of the late collector, whose deposition had been read, to impeach the sale for taxes under which Coulter claimed title, was not questioned, the court simply holding that his deposition, in view of all the facts of the case, was not sufficient to invalidate and overturn the sale.

It is apparent, and made so by the evidence of the defendant, that the land was assessed as the property of two different owners, one of whom the plaintiff, it is also shown, had paid the taxes, when it was returned delinquent.  The taxes being paid the forfeiture to the State was void, and she had no title to convey to the defendant.

The decree is affirmed.