## JOHN W. HILL ET AL. v. SIMON TRUBY.
## APPEAL OF TOWNSEND'S ADMINISTRATORS.

ERROR, APPEAL AND CERTIORARI TO THE COURT OF COMMON
PLEAS OF ARMSTRONG COUNTY.

Argued October 10, 1887—Decided October 24, 1887.

1. Under the act of May 25, 1878, P. L. 153, the survivor of two or more joint parties to a cause is competent to testify to relevant matters between himself and a stranger occurring before the death of the deceased party.

2. A trial court will not be reversed for the erroneous exclusion on the ground of incompetency of a witness who is competent, when the offer does not disclose all the facts necessary to show the relevant admissibility of the testimony.

3. When the record shows the death of a defendant and the substitution of his executors or administrators, if it do not also appear therefrom that the substitution of the latter was made at their instance or by their authority, or after the proper service of a scire facias or rule upon them, the judgment will be reversed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 56 October Term 1886 and No. 225 October Term 1887, Sup. Ct.; court below, No. 272 September Term 1884, C. P.

On August 18, 1884, an appeal by the defendants was entered from the judgment of a justice of the peace in an action by Simon Truby against John W. Hill and John H. Townsend, and on the same day the cause was put at issue by the entry of the plea of nil debet, sec. reg. The record showed that on December 3, 1887, the death of John H. Townsend was suggested and that N. E. Townsend and Frank Townsend, his administrators, were substituted as defendants. It did not appear by whose authority or direction this suggestion and substitution were made. On March 9, 1885, the cause was reached for trial, but was continued, " because substitution of defendants erroneously made." No further order appears respecting the suggestion and substitution.

At the trial on December 9, 1885, before JAMES B. NEALE,

P. J., the plaintiff proved a note made by John W. Hill and John H. Townsend, dated August 11, 1883, payable April 1, 1884, for $125, given as the result of an amicable arbitration between Hill and Truby. Townsend was a surety on the note. The defendants then introduced evidence to show that on June 2, 1883, the farm of John W. Hill was sold at sheriff's sale and purchased by Simon Truby, and on July 16, 1883, the latter served a notice upon the former to surrender possession. Soon afterwards it was agreed that Mr. Hill should remain upon the premises as the tenant of Mr. Truby until April 1, 1884. Differences arising, they were submitted to arbitrators who made an award on August 11, 1883, by which Mr. Hill was to pay to Mr. Truby $125 on or before April 1, 1884, to be secured by approved security; and was to deliver up full possession of all the fields except the house, barn and out-buildings, on or before August 15, 1883, reserving the right of taking off the then existing crop, as to which Mr. Truby released all his interest. There was no provision with reference to taxes, either in the submission or in the award. The note in suit was given in compliance with this award.

John W. Hill, defendant, called and sworn:

Q. What relation did Mr. Townsend occupy to that note? Objected to.

By the court: Objection sustained; exception.[1]

Defendants propose to prove by John W. Hill, having already shown that he is the tenant of Simon Truby, certain acts which he performed as tenant of Simon Truby, to wit: that he paid while tenant and in possession of the land, certain taxes. With this transaction John H. Townsend had no connection whatever; the transaction occurring in the year of 1883, or the early part of the year 1884, and John H. Townsend's death on the 5th of October, 1884.

We object to the witness testifying as to matters prior to the death of John H. Townsend, when not done in the presence of Mr. Truby.

By the court: Objection sustained; exception.[2]

Defendants propose to prove by John W. Hill that while the tenant of Simon Truby, he paid $91 taxes assessed upon the farm and property of Simon Truby, under and by direction of Simon Truby; that his personal property was threatened im-

mediately, and liable to be distrained for the payment of these taxes, which he paid; that before the bringing of this suit he tendered to Simon Truby, the plaintiff, the balance due upon this note, the debt and interest in full over and above the amount of taxes paid by him; the defendant having already shown that John H. Townsend, whose administrators are parties defendant in this suit, was but bail on the note, and had no connection with the contract or dealings between Simon Truby and John W. Hill. The offer is objected to.

By the court: We will admit the evidence for the present, and give you an exception. We do it with some reluctance.

Q. Had you any conversation with Mr. Truby concerning the payment of taxes? Objected to because the witness is incompetent to testify as to that.

Objection sustained.

Defendants' counsel propose to ask the witness, if while as a tenant of Simon Truby and living upon the land, Truby's land, he was called upon by the tax collector for taxes, and if he referred the tax collector to his landlord, Simon Truby, and if afterwards the tax collector returned and insisted upon the payment of the taxes by Hill, stating that Truby had so directed; that the witness was compelled to pay the taxes in order to save his property, and that now he holds in his hands the receipts for said taxes.

Objected to first, that the witness is incompetent to testify as to these facts, and second that the testimony is irrelevant and incompetent.

By the court: In relation to the first proposition the court was guided by the fact that it was proposed to show a transaction directly between the plaintiff and the present witness, and what occurred there in the presence of the parties or in direct pursuance of any arrangement made between them at that time, would be within the act of 1878. But when it is shown, as now proposed, that this was in pursuance of another arrangement not with the plaintiff and this witness, but between another party not shown to be the agent of the plaintiff, we think that the proposition is not covered by the provisions of the act of 1878, and that as the plaintiff himself would be excluded as a witness because of the death of a co-defendant, there is such an inequality now presented by the proposition

that we think it would be improper to admit the testimony under the proposition and therefore the objection is sustained.[3]

After the charge of the court there was a verdict for the plaintiff for $137.87, and judgment being entered thereon, the defendants took this writ to No. 56, specifying that the court erred: 1, 2, 3. In sustaining the objections to plaintiff's offers.[1][2][3]

The administrators of Townsend took an appeal and certiorari to No. 225, assigning as error their substitution as defendants without notice or process.

*Mr. David Barclay* (with him *Mr. M. F. Leason*), for the plaintiffs in error:

1. The defendant Hill was a competent witness to prove by way of payment and set-off, that, as the tenant of the plaintiff, he had been compelled to pay taxes which the plaintiff ought to have paid: § 1, act of May 25, 1878, P. L. 153; Ash v. Guie, 97 Pa. 501; Jackson v. Payne, 18 W. N. 385. Truby was alive to contradict Hill.

2. The record must show notice to the administrators before a proper substitution can be made, and the cause proceeded in to trial against them.

*Mr. Joseph Buffington* (with him *Mr. John F. Whitworth*), for the defendant in error:

1. Prior to the act of 1878, it is clear that Hill would not have been competent to prove the offer, and not even a face to face transaction with Truby. That act does not remove his incompetency, even though the administrators had not been substituted: Brady v. Reed, 87 Pa. 111.

2. At all events, the offer was irrelevant. The taxes had been assessed and were due prior to the sheriff's sale; Truby did not buy the land charged with them; Hill owed and was bound to pay them: Smeich v. York County, 68 Pa. 440.

3. If there was any irregularity in the substitution, by whomsoever made, it was such as to prejudice no one. One of the administrators appeared in person on the trial. The appearance by attorneys was general. The jury was sworn generally. The case is not unlike Dingman v. Amsink, 77 Pa. 114, where the administrators were substituted on mere motion of plaintiff's attorney.

HILL v. TRUBY.

OPINION, MR. JUSTICE GREEN:

We think it was error to reject the offer to prove by Hill what occurred between him and the tax collector, on the ground of incompetency of the witness. We held in Ash v. Guie, 97 Pa. 493, that the spirit of the act of 1878 embraced the survivor of two or more who jointly contracted, and therefore the plaintiff could testify as to matters occurring between himself and the surviving defendants. But we did not mean to decide that he could not testify as to relevant matters which occurred between himself and strangers. There would be no propriety and no necessity for such a decision. Such matters were not excluded by any interpretation of the act of 1869, except that which declared the general incompetency of the witness. That incompetency was removed by the act of 1878 in the case of the survivor of joint obligors. It is true the act in terms qualified the witness to testify to matters having occurred between the surviving party and the adverse party on the record, but that was because it was that class of matters which were specially excluded by the construction which had been given to the act of 1869, and that was the evil intended to be more particularly remedied by the act of 1878. But there could be no good reason for excluding other matters occurring between the witness and other persons who were not parties. Such exclusion had been, previously to the act of 1878, merely the result of a personal incompetency to testify at all; but when that general incompetency was removed, matters which were otherwise unobjectionable could not be excluded on that account. We are clearly of opinion, therefore, that other and indifferent matters between the witness and a stranger, might be proved as well by a surviving obligor or his adversary, providing only that they were relevant to the issue trying.

But while it was error to reject the proffered testimony on the ground of the incompetency of the witness, we are of opinion that it should have been rejected on the ground of irrelevancy. The offer does not disclose facts enough to make the testimony admissible. Hill was the owner of the farm up to the time of the sheriff's sale which was June 2, 1883. He remained on the farm by agreement with Truby made on August 11, 1883. The offer was to prove payment

of taxes assessed upon the farm, upon the theory that they were taxes which Truby was legally bound to pay. But that very essential fact does not appear in the offer and we cannot infer it. It is not possible to infer that taxes had been assessed against the farm as Truby's property after June and before August, 1883. Naturally, if the question must be determined by inference we would be obliged to infer that the taxes had been assessed against Hill as owner, and therefore that he and not Truby was legally liable for their payment. But it is not necessary to put the matter upon that ground. The offer must itself disclose all the facts which are necessary to establish its admissibility and this is not done by the offer in question.

There was therefore no error in excluding the testimony and hence there is nothing to reverse.

Judgment affirmed.

## TOWNSEND'S APPEAL.

OPINION, MR. JUSTICE GREEN:

The record shows a substitution of administrators, but it does not show that it was done at their instance or by their authority, or by any one acting for them. They claim that it was done without their knowledge or consent and without any notice to them, and that in consequence thereof they were ignorant of the trial and the cause was tried and verdict rendered against them in their absence. Of course this is contrary to the plainest legal principles and the error must be corrected. When the record does not show that the substitution was done at the instance of the administrators or their counsel, it should show that they were brought on the record by some sort of notice or process. A scire facias or a rule to show cause with proper proof of service would be suitable and are the usual methods employed. In the present case the record does not inform us how the representatives of the deceased party were brought in, nor that they were brought in at all, and in that respect it is fatally defective and cannot sustain the verdict and judgment.

Judgment reversed as to Townsend's administrators and order of substitution stricken off.