[No. 11907.   In Bank. — September 5, 1889.]

## S. O. HOUGHTON ET AL., APPELLANTS, *v.* JEREMIAH CLARKE, RESPONDENT.

CONTRACT — REFUSAL TO PERFORM — PREVENTION. — If attorneys having a contract for a contingent fee refuse to go on with the litigation without an agreement for additional compensation, the client may compromise it without further communication with them; and this does not constitute prevention of performance.

PRACTICE — APPELLANT MUST SHOW ERROR. — If a question does not itself indicate whether the answer would be material or not, and there is no offer to prove the facts sought to be elicited, it is not a material error to exclude the question.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion.

*S. O. Houghton,* and *John Reynolds,* for Appellants.

*Craig & Meredith,* for Respondent.

HAYNE, C. — Action by attorneys to recover the value of professional services. Judgment passed for the defendant, and the plaintiffs appeal.

It appears that the attorneys were retained in several suits in relation to certain land claimed by the client. During the pendency of the litigation the parties entered into a written agreement whereby the client agreed to convey, and the attorneys to accept, a portion of the land in full satisfaction of all services rendered and to be rendered by them in the litigation. Nothing was said in the agreement as to whether the conveyance was to be contingent upon success in the litigation. But such was evidently the understanding of the parties. And the attorneys subsequently wrote a letter to the client, in which they stated that, "to avoid any question in the matter, we hereby agree that we will not demand

any conveyance of your land until your title shall be finally established." It was admitted that the agreement applied to all pending suits.

The court found that the conveyance was to be made on condition that the title of the client should be finally established. The title of the client was not finally or otherwise established. It would seem that his success depended upon establishing that a decree in a certain foreclosure suit was valid. One of the cases came before the supreme court, which finally decided that the decree in the foreclosure suit was invalid; from which decision it seems to follow that the title of the client was not good. Nothing further appears to have been done with the other suits. But the attorneys had some idea that they could bring a bill in equity, "with a view of correcting, if possible, the defect in the decree of foreclosure," and that they draughted a bill " for that purpose, and for the purpose of enjoining the judgment." After this the client effected a compromise of the litigation, and in pursuance thereof conveyed to a third party the portion which he was to have conveyed to the attorneys.

Since the title of the client was not established, it is clear that the attorneys have no claim, upon the theory of performance of their agreement. And they make no such claim. Their position seems to be that they were prevented from performing the agreement by the act of the client in making the compromise. We do not deem it necessary to inquire whether any good could have come out of an attempt through a bill in equity to impart validity to a decree which had been finally decided to be invalid, or whether any different showing could have been made in the other suits. For upon the record before us we think that it must be held that there was no prevention. In this regard the trial court finds that after the decision by the supreme court above referred to, the plaintiffs "refused to render to defendant any further services as attorneys unless he entered

into a new agreement," giving them a larger share of the land; that he refused to enter into such new agreement, and thereupon made the compromise.

It is manifest that if the attorneys refused to render further services, they cannot claim that they were prevented from rendering them, or complain that the defendant took them at their word. Therefore, unless this finding can be set aside as unsupported by the evidence, the judgment and order appealed from must be affirmed. Such, in our opinion, is the question upon which the decision on this appeal must turn. And we think that the evidence upon the point was substantially conflicting, and that the finding cannot be set aside.

It is certain that a letter was written by one of the attorneys to the client, in which the writer proposed to go on with the litigation for a larger compensation, and in which he, after stating that the partnership between him and his associate had been dissolved, said: "I expect to have his assistance in this matter to the end." The explanation given of this letter was, that additional services were contemplated by the attorneys, and that it was a mere proposal by one of the former firm without the authority of his associate. And it is argued that "a careful reading of this letter will show that it contains no refusal to proceed under the contract." We think, however, that the client was justified in inferring from the letter that the attorneys were unwilling to proceed upon the basis of the existing agreement. And the wife of the client testified positively that the attorney (who seems to have been the one who had the management of the cases) "told me distinctly that he would not go any further under the old contract"; and that she never would have thought of compromising the litigation except for such refusal. She said she would communicate with her husband, who was then in Sonoma. And in a few days she went to Sonoma and submitted the letter to him, and presumably told him what was said in con-

nection with it. Apparently, without further communication with the attorneys, the compromise was made. This evidence raises a substantial conflict with reference to the question of refusal. And if there was a refusal, we think that it was not incumbent upon the client to communicate further with the attorneys.

It is contended that there was error in sustaining the defendant's objection to the question at folio 122. The question does not of itself indicate whether the answer to it would have been material or not; and there was no offer to prove the facts sought to be elicited by it. Therefore, it cannot be determined from the record whether there was error or not; and as the appellant must show error, the ruling is no ground for reversal. (*Marshall* v. *Hancock, ante* p. 82.)

We therefore advise that the judgment and order appealed from be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.