Best v. Hoeffner.

---

CHARLES BEST, Respondent, v. GEORGE HOEFFNER, Appellant.

### St. Louis Court of Appeals, March 18, 1890.

1. **Practice, Appellate : EXCLUSION OF EVIDENCE.** In order to put a trial court in the wrong for ruling out a question or a tender of proof, the question or the tender must be so framed as to show its materiality.

2. **Malicious Prosecution.** It is no defense to an action for malicious prosecution, that the prosecution complained of was based on an invalid information.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk*, for the appellant.

(1) The court refused to admit proper evidence offered by appellant. Appellant was not permitted to prove that, before he swore out the warrant mentioned in this case, he had information of the fact that a young man, answering the description of the plaintiff in age and appearance, had tendered a bill of one hundred dollars in a saloon on Morgan street on or about the day of its disappearance at Hoeffner's. This was prejudicial error. (2) The court erred in refusing to non-suit the plaintiff. The information in the court of criminal correction was sworn to by a private citizen as upon his best knowledge and belief (see record, page 41), and, therefore, was void under the section 1763 and the decisions in *State v. Kelm*, 79 Mo. 515; *State v. Thompson*, 81 Mo. 168; *State v. Hayward*, 83 Mo. 299; *State v. Russell*, 88 Mo. 648. The information being void, there was no prosecution, legally, and the fact, at best, would only sustain a civil suit for false imprisonment, or for an illegal arrest. The court, therefore,

never acquired any jurisdiction to hear the case, and *non constat* that the case was dismissed for this very reason.

*Wm. C. & Jas. C. Jones*, for the respondent.

The rejected testimony was offered for one of two purposes : Either to show that appellant acted with probable cause, or that respondent was in fact guilty. If offered for the first purpose it was incompetent, because defendant did not propose to show that the circumstance referred to in the rejected testimony was communicated to defendant prior to the institution of the criminal proceedings. It was also incompetent for the reason that there was nothing to establish the connection between the respondent and the person referred to. If offered for the second purpose it was clearly incompetent under the decisions in *Vansickle v. Brown*, 68 Mo. 627; *Brennan v. Tracy*, 2 Mo. App. 540. As to the second point in appellant's brief, that the information having been improperly verified, the prosecution was void, and hence there was, in law, no prosecution, we content ourselves with citing *Stocking v. Howard*, 73 Mo. 27, and cases there cited.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for the malicious prosecution of a criminal action. The plaintiff had a verdict and judgment, and the defendant, appealing, assigns for error that the court erred in rejecting competent evidence offered by him, and that the court should have given an instruction in the nature of a demurrer to the evidence.

I. The criminal prosecution by the defendant against the plaintiff was for the larceny of a hundred-dollar bill. The first assignment of error relates to the exclusion of questions put to a witness, tending to elicit answers to the effect that *some one* presented himself at the bar of the witness, who was a saloon keeper, asking him to change a one-hundred-dollar bill.

This question, and others of a similar character to the same witness, was properly ruled out, because they were not framed so as to show that the person alluded to was the plaintiff, or a person who looked like the plaintiff. It is possible that the defendant's counsel may have intended to lead up to that fact; but, if so, he should either have put an appropriate question tending to elicit such an answer, or else he should have made a distinct tender of evidence to that effect. It is a well-settled rule of procedure that, in order to put a trial court in the wrong for ruling out a question or a tender of evidence, the question or the tender of evidence must be framed in such a manner as to show its materiality. *Aull Savings Bank v. Aull's Adm'r*, 80 Mo. 199; *Jackson v. Hardin*, 83 Mo. 175, 187.

II.   The other assignment of error is that the court should have sustained a demurrer to the evidence because the criminal prosecution was *void*, in that the information was based upon the affidavit of a private person (to-wit, the defendant) merely. This assignment of error is distinctly answered by the decision of the supreme court in *Stocking v. Howard*, 73 Mo. 25.

Judgment affirmed.   All the judges concur.