THE STATE OF IOWA, Appellee, v. GEO. W. POTTS, Appellant.

1.  Perjury; EVIDENCE: COMPETENCY: ERROR WITHOUT PREJUDICE.  The defendant was indicted for the crime of perjury alleged to have been committed by him in a case wherein he was on trial for the crime of receiving a bribe.  In his capacity of constable the defendant had

seized certain intoxicating liquors, and it was claimed that he, and another constable acting with him, agreed with the owner to obtain the release of the liquors in consideration of the payment of one hundred dollars. The liquors were released upon the recommendation of one or the other of the officers, and the money, it was alleged, was paid to the constable acting with the defendant in bills of the denominations of fifty, twenty and ten dollars. Before the payment of the money the bills were marked by the owner of the liquors, and a memorandum describing the bills, and the marks upon them, was made. Within a few hours after the payment both officers were arrested and searched, and a fifty-dollar bill found upon the defendant, and bills of the other denominations were found upon the other constable. A memorandum of the bills so found was made by the justice before whom the constables were searched, and that justice and another together made a second memorandum. The witnesses who made the above memoranda testified positively to the correspondence of the same with the money found upon the defendant, and this the defendant, testifying in his own behalf, did not deny, but claimed that the bill found upon him had been received from a bank some days prior to his arrest. *Held*, that while the memoranda were not competent as original evidence, their introduction could not have been prejudicial to the defendant.

2. **Practice**: ARGUMENT TO JURY: MISCONDUCT OF ATTORNEY: ERROR WITHOUT PREJUDICE. An attorney for the state in his closing argument used certain bills by way of illustration, apparently in reply to some claim made by defendant's attorney in regard to the numbering on the bills. *Held*, that as the action and argument of the attorney did not relate to any material issue, they could not be regarded as sufficiently prejudicial to warrant a reversal of the judgment.

3. ———: INSTRUCTIONS TO JURY. Where the jury are instructed that the law of the case is not embodied in any one instruction, and that they must consider and construe the instructions together, the fact that the law in regard to a given proposition involved in the case was not fully stated in a single paragraph will not be deemed prejudicial.

4. **New Trial**: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted in a criminal case because of the affidavit of one of the witnesses for the prosecution that he was mistaken in his testimony given upon the trial, when such testimony was rebutted by witnesses testifying in behalf of the defendant, and does not pertain to a material issue in the case.

*Appeal from Warren District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 7, 1891.

THE defendant was convicted of the crime of perjury and adjudged to be imprisoned in the penitentiary at Ft. Madison at hard labor for a term of three years. He appeals.—*Affirmed.*

*Spurrier, Coffin & Dowell* and *C. C. Cole,* for appellant.

*John Y. Stone,* Attorney General, for the State.

ROBINSON, J.—The alleged perjury of the defendant was committed in a case in which he was on trial accused of the crime of receiving a bribe. It is claimed by the state that the facts in regard to his accepting a bribe, so far as they are relevant to the issues in this case, are substantially as follows: "On the fourth day of February, 1888, the defendant was a constable duly qualified and acting in and for Saylor township, in Polk county. On that day he had in his possession a quantity of intoxicating liquors alleged to be of the value of five thousand dollars, which were owned by John Connelly. The defendant had seized and taken possession of the liquors by virtue of a search-warrant issued on the information of one West, which charged that the liquors were kept for sale in violation of law. Acting with another constable named Hamilton, he agreed, for the consideration of one hundred dollars, to procure the release of the liquors without a trial. In order to procure such release, the defendant had several conferences with the county attorney of Polk county, W. W. Phillips, advising him that there was not sufficient evidence to justify further prosecution of the proceedings against the liquors, and urging that they be dismissed, and that the liquors be released. The advice of the defendant was taken, the proceedings were dismissed, and the liquors were released, the defendant and Hamilton receiving one hundred dollars for their

part in the transaction. The county attorney had suspected the integrity of the officers, and the negotiations between them and Connelly were carried on with his knowledge, if not under his direction. The money paid by Connelly was marked, and included one fifty-dollar bill, two bills for twenty dollars each and one for ten dollars. It was in fact paid to Hamilton. Both the men were arrested and searched within a few hours after the money was paid, and the fifty-dollar bill was found on the defendant, and the other bills were found on Hamilton. The defendant was indicted for receiving a bribe, and in the course of the trial voluntarily offered himself as a witness in his own behalf, and, after being duly sworn, testified in substance and effect, that he was not in the office of the county attorney on the day in question; that he had no conversation with the county attorney in regard to dismissing the search-warrant proceedings, and that he obtained the fifty-dollar bill from the Capital City Bank on the twenty-fourth or twenty-fifth day of the January preceding his arrest. The giving of that testimony constitutes the perjury of which the defendant was convicted in the district court.

I. A few minutes before the bills were paid to Hamilton, a memorandum, containing a brief description of each, was prepared, at the instance of Mr. Connelly, and signed by him as a means of identification. The justice before whom the defendant and Hamilton were searched made a similar memorandum of the bills found, and that justice and another together made a third memorandum of a similar character. On the trial the bills were not introduced in evidence, but the memoranda were, and of that appellant complains. It was necessary for the state, in order to establish the guilt of the defendant, to show that the fifty-dollar bill paid by Connelly to Hamilton was the identical fifty-dollar bill found on the person of Potts. It is con-

1. PERJURY: evidence: competency: error without prejudice.

ceded that a bill of that denomination was found on the defendant; therefore, the existence of the bill was not in issue. The defendant states that it would be impossible for him to give a description of it; hence, its numbers, markings and contents were not in issue. Under these circumstances, it was not necessary to introduce the bill in evidence. It was only necessary for the witnesses to be able to state that the bill which they examined, and of which they wrote or saw a description, was the one found on the person of the defendant. They might know it was the same by some peculiarity of number or stain or puncture, or other means which satisfied them of its identity. But we do not understand the theory on which the memoranda were received in evidence. They were proper as a means of refreshing the recollections of the witnesses who made them, or had compared them with the bills they described, but they were not competent as original evidence. Witnesses testified to making the memorandum which was prepared before the money was paid to Hamilton, and to comparing it with the bills found on Hamilton and the defendant, and they testified positively that the bills were the same. It is clear that they knew them to be the same in part because the markings on the bills were the same as those indicated in the memorandum. The memoranda prepared by the justices tended to show that the bills found on the constables were the same as those marked at the instance of Connelly. The testimony of the witnesses for the state as to the identity of the bills was direct and positive before the memoranda were introduced, and was largely based upon them. The defendant did not deny that the bills in question were of the description, and marked as claimed on the part of the state, but only insisted that the bill taken from him had been paid by the bank named. Under these

circumstances, the introduction in evidence of the memoranda could not have been prejudicial.

II.   The appellant complains of the action of the court in permitting an attorney for the state, in his

2. PRACTICE: argument to jury: misconduct of attorney: error without prejudice.

closing argument, to use certain bills by way of illustration. The correctness of the ruling of the court is at best doubtful. But it appears from the statements made by the attorney that he was answering some claim made by an attorney for the defendant in regard to the numbering on the bills. What that claim was, or what was said or done by the defendant's attorney in support of it, is not shown by the record. The acts and argument complained of did not relate to any material issue in the case. There is nothing to indicate that they might have been prejudicial, and we should not be justified in disturbing the judgment on account of them.

III.   Complaint is made of certain portions of the charge of the court. We think the jury could not have

3. ——: instructions to jury.

been misled because the law in regard to a given proposition was not fully stated in a single paragraph. They were told that the law of the case was not embodied in any one instruction, and that they must consider and construe them all together. We think they were not prejudicial to the defendant.

IV.   During the trial of the cause the defendant testified that, although he did not enter the office of the

4. NEW trial: newly discovered evidence.

county attorney on the day he is claimed to have done so to secure a dismissal of the search-warrant proceedings, he went to the door, and looked through the letter-hole therein, and saw the county attorney and a man named McCormick at the table, and that they had money on it. The state introduced several witnesses in rebuttal, who testified that a person looking through the letter-hole could not have seen into the room to the height of the table, and in effect that he could not have seen money on the

table, nor the faces of persons seated by it.    In support
of his motion for a new trial defendant introduced the
affidavit of one of the witnesses who had so testified,
which stated, in effect, that after his testimony had
been given he examined the letter-hole, and found that
his testimony was not correct.    Other affidavits were
introduced which tended very strongly to show that a
person looking through the letter-hole could readily see
the top of the table, and the faces of persons sitting in
the room.    On the trial the defendant had introduced
witnesses who testified, in effect, to the same facts.    It
will thus be seen that the defendant asked a new trial
on the ground of newly discovered evidence, the most
of which is cumulative in its nature, and all of which
relates to a collateral matter, and not to material issues.
It is well settled that a new trial cannot be granted in a
criminal case on that ground.    *State v. Whitmer*, 77
Iowa, 560, and cases therein cited.    The discovery of a
mistake in the testimony of a witness did not authorize
a new trial on that ground.

We discover no error in the record which would
authorize us to disturb the judgment of the district
court.    It is, therefore, AFFIRMED.