Tilghman C. J.,
delivered the opinion of the Court as follows:
By the stat. of 17. Car. 2. ch. 8., a judgment shall not be affected by the death of a party, after verdict, and before judgment, provided the judgment be entered within two terms after the verdict. In such case, the plaintiff is entitled to his judgment, by virtue of the statute, without calling upon the Court to exercise any extraordinary power. But independently of the statute, the Court has power, in order to do justice, to enter judgment at their discretion, as of a past time, when it ought to have been entered. It was so determined by us, in the case of Griffith v. Ogle, 1 Binn. 172. In the present case, it was supposed by all parties, that the judgment had been entered as of August Term, 1808, when the Court decided on the issue touching the record. Perhaps it was through the fault of the prothonotary that it was not entered. So far as concerned the parties, it was no more than justice to consider it as entered, at the time when the Court intended it should be entered. And as to third persons, they are not to be injured.. Their rights will be protected against any consequences which might result from an entry of the judgment, as of a past time. The Court of Common Pleas, exercised their discretion upon the case that' was before them. They had a right to do so, and I do not see how we can say, that they have abused their discretion. I am of opinion, therefore, that the judgment should be affirmed.
Judgment affirmed,