The Danville, Hazleton and Wilkes-Barre Railroad Company, Appellant, *v.* Charles C. Rhodes and William Rhodes, Administrators of the Estate of Charles C. Rhodes, deceased, and Robert F. Brattan and Henry Page, of Somerset, Maryland, Administrators of Charles C. Rhodes, deceased, Isaac Eyre and S. P. Kase.

*Attorneys at law—Powers of—Warrant of attorney—Practice, C. P.*

An attorney at law is an officer of the court in which he is admitted to practice. His admission and license to practice raise a presumption prima facie, in favor of his right to appear for any person whom he undertakes to represent. When his authority to do so is questioned or denied the burden of overcoming this presumption in his favor rests on him who questions or denies his authority, and such person must show by affidavit the existence of facts tending to overcome the presumption before the attorney can be called upon to file his warrant of attorney.

Where an attorney, in accordance with a rule taken upon him, files a warrant of attorney sufficient in form and in manner of execution, the rule has been complied with, and it is functus officio. If the warrant is alleged to be defective, or forged, or in any manner insufficient to justify the court in treating it as authority for the appearance of the attorney, the defect should be pointed out by exceptions, and its sufficiency passed upon by the court. If the court holds the warrant sufficient the case proceeds. If it is held insufficient proceedings therein will be stayed or in a proper case the suit may be dismissed.

An attorney at law regularly admitted to practice filed a bill in equity. A rule was subsequently taken upon him to file his warrant of attorney. No affidavit or statement of facts tending to throw doubt on his authority was filed, and no application whatever was made to the court. Subse-

quently the attorney filed a warrant of attorney in due form executed by the corporation purporting to be the plaintiff, under its seal. Subsequently the court, without any final disposition of the warrant of attorney, and without any suggestion on the record that it was not what it purported to be, granted a rule to show cause why the warrant should not be stricken off, and afterwards made the rule absolute. It appeared that there had been proceedings in the same court by which the organization of the corporation plaintiff had been found to be invalid, and that another company had the right to the name. *Held,* (1) that the proceedings in allowing the rule on the attorney to file his warrant, and in striking off the warrant, were irregular and improper; (2) that as the action of the court was based upon the previous findings in the other case as to the invalidity of the corporation, the irregularity did no harm; (3) that an appeal from the order striking off the warrant of attorney should be dismissed, because the irregularity did no injustice.

Argued Jan. 5, 1897. Appeal, No. 166, Jan. T., 1896, by plaintiffs, from order of C. P. No. 4, Phila. Co., June T., 1890, No. 623, striking off warrant of attorney. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to strike off warrant of attorney.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was order striking off warrant of attorney.

*David C. Harrington,* for appellant, cited 1 Dan. Chan. Pr. 308.

*George L. Crawford,* for appellee.

OPINION BY MR. JUSTICE WILLIAMS, February 15, 1897:

On the seventh day of June, 1892, D. C. Harrington, Esq., an attorney at law regularly admitted to practice in the courts of Philadelphia filed the bill in equity in this case as the attorney of the plaintiff.

On the eighteenth day of the same month a rule was entered on the minutes by the prothonotary, on the direction of Crawford & Laughlin, Attys. for Rhodes et al. and the D. H. & W. Railroad Co., requiring D. C. Harrington to file his warrant of attorney. No affidavit or statement of facts tending to throw doubt upon his authority was filed and no application whatever was made to the court of which Harrington was a sworn officer.

On the twenty-fifth of the same month Harrington filed a warrant of attorney in due form executed by the corporation under its seal. This was a compliance with the rule and it should regularly have been discharged. The court however without any formal disposition of the warrant of attorney, and without even a suggestion on the record that it was not what it purported to be, granted a rule on Harrington to show cause why the warrant should not be struck from the records. This rule it subsequently made absolute and the warrant was struck off. For what reason this rule was granted, or for what reason it was made absolute, it is impossible to tell so far as the records in this case are concerned. Having thus disposed of the attorney of the plaintiff, a rule was at once granted requiring the plaintiff to show cause why the bill should not be struck from the records. This was soon after made absolute. The cause was sent out of court, after the attorney, in a novel and peremptory manner. The record shows no reason whatever, given by Messrs. Crawford & Laughlin, for asking either of these rules, and none given by the court below for making them absolute. We know of no authority for such a practice. It is elementary law that an attorney is an officer of the court in which he is admitted to practice. His admission and license to practice raise a presumption prima facie in favor of his right to appear for any person whom he undertakes to represent. When his authority to do so is questioned or denied the burden of overcoming this presumption in his favor rests on him who questions or denies his authority, and such person must show by affidavit the existence of facts tending to overcome the presumption before he can be called upon to file his warrant of attorney: Weeks on Attorneys at Law, 387 to 400.

The established practice in this country and England is to apply to the court by petition stating the facts relied on to overcome the presumption and asking a rule upon the attorney to file his warrant. When he has complied with the rule by filing a warrant sufficient in form and in the manner of its execution, the rule has been complied with and is functus officio. If the warrant is alleged to be defective, or forged, or in any manner insufficient to justify the court in treating it as authority for the appearance of the attorney, the defect should be pointed out by exceptions and its sufficiency passed upon by the court.

If the court holds the warrant sufficient the case proceeds. If it is held insufficient proceedings therein will be stayed or in a proper case the suit may be dismissed. In Campbell v. Galbreath, 5 Watts, 423, Justice KENNEDY discusses the practice to some extent and says at page 430, that after it is ascertained that the attorney for the plaintiff has no authority to appear for him in the suit pending, the defendant may proceed to have it dismissed. The same practice prevails in the United States courts and in those of most of the states. The reply made in this case by the appellee is in substance that if the irregularities complained of be conceded they nevertheless did the appellant no harm. In support of this position it is shown that when the bill in this case was filed a case in equity was pending in which the Danville, Hazleton and Wilkes-Barre Railroad was plaintiff and Simon P. Kase was defendant; that Rhodes was one of the officers of the plaintiff company; that Kase set up a new organization under the same corporate name and attempted by its instrumentality to secure control of corporate property; that C. W. Bell was the president of the new company and L. J. Abbott was its secretary, and that the warrant of attorney filed by Harrington was one signed by these officers and not by those in actual control of the railroad. It was also shown that in the suit in which Kase was defendant the character of the new organization had been inquired into in the same court and it had been found to be invalid and without any right to the possession or control of the property of the railroad company. This being so it would seem that knowledge acquired in the action against Kase must have been made the basis of the orders complained of in this case, although the record does not contain even the slightest allusion to the former action or to a previous investigation of the validity of the new organization by which the power of attorney to Harrington had been issued.

We cannot say therefore that the irregularities pointed out by the assignments of error did any injustice to the appellant and for that reason the appeal is dismissed.

The decree of the court below is affirmed. Each party is to pay his own costs.