# McAlpine Street.

*Road law—Appeals—Borough—Power of borough attorney—Practice, C. P.*

Where an attorney at law signing himself as an attorney for a borough, files a præcipe in which he directs the prothonotary to enter an appeal from an award of road viewers, on the part of the borough, the paper may be regarded as an appeal by the borough, if no question is raised as to the attorney's authority; but if a property owner files a petition for a rule to strike off the appeal and specifically alleges therein that the attorney had no authority to appeal on behalf of the borough, and such an averment is not denied by an answer to the petition, the court will take the averment as true and will make absolute the rule to strike off the appeal.

Argued March 2, 1909. Appeal, No. 3, March T., 1909, by the Borough of Avoca, from order of C. P. Luzerne Co., Oct. T., 1906, No. 1,231, making absolute rule to strike off appeal in

the case of McAlpine Street. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off appeal. Before LYNCH, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike off appeal.

*John R. Reap*, borough solicitor, with him *Richard B. Sheridan*, for appellant, cited: Academy of Fine Arts v. Power, 14 Pa. 442; Vankirk v. R. R. Co., 76 Pa. 66; Wilson v. Young, 9 Pa. 101; Danville, etc., R. R. Co. v. Rhodes, 180 Pa. 157; Home Friendly Society v. Tyler, 3 Northampton, 365.

*F. McCormick*, for appellee, filed no printed brief.

OPINION BY BEAVER, J., July 14, 1909:

Under the Act of May 24, 1878, P. L. 129, viewers were regularly appointed to assess the damages, caused by the change of grade of McAlpine street, to certain persons whose property was affected thereby. Under the power conferred upon them by the act aforesaid, the said viewers awarded the sum of $750 to Bridget Doran, the appellee here.

Although no provision is made in this act for an appeal to the court of common pleas, the Act of June 13, 1874, P. L. 283, provides: "That in all cases of damages assessed against any municipal or other corporation, or individual or individuals, invested with the privilege of taking private property for public use, for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, whether such assessment shall have been made by viewers otherwise than upon a trial in court, and an appeal is not provided for or regulated by existing laws, an appeal may be taken by either party to the court of common pleas of the proper county, within thirty days from the ascertainment of the damages, or the filing a report thereof in court, pursuant to any general or special act, and not afterwards."

The report of the viewers was filed February 5, 1907.

On February 25, 1907, there was filed in the office of the prothonotary what purports to be an appeal from the award of viewers as follows:

"APPEAL.

"To Henry Walser, Proth.,

"Sir: Now, 25th October, 1906, John R. Reap, attorney for the Borough of Avoca, appeals from the report of the viewers filed in the above stated case, awarding Bridget Doran, damages for change of grade and change of location of said Mc-Alpine Street, in the sum of seven hundred and fifty dollars, and authorizing the said Borough of Avoca to make payment of said sum. The prothonotary will enter an appeal from the award of the viewers in this case on the part of defendant Borough of Avoca.

"JOHN R. REAP,

"Attorney and Borough Solicitor for defendant."

·This paper was verified by the affidavit of John R. Reap, borough solicitor.

On November 20, 1907, a petition was presented to the court of common pleas of Luzerne county, asking to have the appeal stricken off on the ground that it was not in proper form and that, "The record does not show that the appeal was authorized by the said borough of Avoca, nor that any authority of court was made allowing the same." Other reasons are assigned, which it is not necessary to mention.

In form, the appeal, so called, seems to be that of John R. Reap, attorney for the borough of Avoca, but in the same paper he directs the prothonotary to enter an appeal from the award of the viewers "on the part of defendant borough of Avoca." This might be regarded as an appeal by the borough, if no question as to the authority of Reap, as representing the borough, had been raised. In the petition, it is distinctly alleged, "that said alleged appeal is not in proper or legal form and was entered without proper authority."

On the same day in which this petition was presented, Reap accepted service thereof, and a rule was "granted to show cause why the appeal in the above entitled case shall not be stricken

off. Returnable to Argument Court." It does not appear by the record, and is not alleged by the appellant, that any answer was made to this rule. The facts, therefore, contained in the petition upon which the rule was granted are to be assumed as true.

The act of 1874 authorizes an appeal to "be taken by either party to the court of common pleas of the proper county within thirty days." Reap was clearly not a party, but, inasmuch as in the paper which is filed he directs the appeal to be entered as that of the borough of Avoca, the court might have so construed it, if the authority of Reap to direct the entry of the appeal had not been specifically denied.

The appellee has furnished us no paper-book or brief.

The court below, in making the rule to strike off the appeal absolute, in a short opinion says: "The attorney in this case, without apparent authority, by resolution of council or otherwise, has no beneficial or other interest in the assessment of damages and has no such standing as would entitle him to appeal as such attorney." The court cites as authority for its decision the Assigned Estate of Graff, Bennett & Co., 146 Pa. 415. That case, however, refers to the right of an assignee as such to appeal to the Supreme Court from an order of distribution of the estate in his hands and would not, as we take it, govern in a case like the present, which is an appeal to the court of common pleas. We think, however, that the conclusion reached by the court below was correct, for the reason that the petition upon which the rule to show cause was granted expressly denied the right of the attorney to represent the borough in entering the appeal, and, in the absence of an answer to the rule to show cause, the court had the right to assume, as it did, that no such authority existed. In that case the attorney, not being a party to the record, had no authority, under the act of 1874, to appeal. The appellant's brief of argument recites facts which might or might not have moved the court below to a different conclusion in considering the disposition of the rule to show cause why the appeal should not be stricken off, but assuming that the attorney was the borough solicitor and represented the borough in the inception of the proceedings to change

the grade of McAlpine street, it does not follow that he was authorized by the borough to appeal on its behalf from the award of damages, and, inasmuch as that authority was questioned, it seems to us that it became his duty to make specific answer to the allegations upon which the rule was founded. Having failed to do this, the court was justified in assuming that the appeal was taken without authority and making the rule absolute.

In Danville, etc., v. R. R. v. Rhodes et al., 180 Pa. 157, it is held that, "An attorney at law is an officer of the court in which he is admitted to practice. His admission and license to practice raise a presumption, prima facie, in favor of his right to appear for any person whom he undertakes to represent. When his authority to do so is questioned or denied, the burden of overcoming this presumption in his favor rests on him who questions or denies his authority, and such person must show by affidavit the existence of facts tending to overcome the presumption before the attorney can be called upon to file his warrant of attorney." If the appellant had made answer to the petition of the appellee for the rule to show cause, denying the allegations of the petition, an issue would have been raised which it would have been incumbent upon the appellee to support by evidence, so as to successfully carry the burden of overcoming the presumption in favor of the regularity of the action of the attorney, but the failure to answer, in accordance with the rule of court, as we understand it, was equivalent to an admission that the facts set forth in the petition for the rule to show cause why the appeal should not be stricken off were true.

The order of the court, making absolute the rule to show cause why the appeal should not be stricken off, is, therefore, affirmed, and the appeal dismissed, at the costs of the appellant.