## Taylor, Appellant, *v.* Siers.

*Practice, C. P.—Parties—Death of party—Substitution of executor—Appearance by attorney.*

Where two persons are sued as partners and one of them dies, and the executor of the deceased is substituted as a party of record,

564, (1916).]   Syllabus—Statement of Facts.

and at the trial the attorney who had entered an appearance for the two partners appeared for the surviving partner and the estate of the deceased partner, and a verdict is rendered in favor of the plaintiff, it is reversible error for the court to enter judgment n. o. v. for the executor of the deceased partner on the ground that he had not been served with process.

After an appearance in a trial on the merits the plaintiff ought not to be deprived of the result on the theory that the defendant was not regularly in court, without some evidence from the latter that the attorney assuming to represent him was not authorized so to do.

Argued March 7, 1916.  Appeal, No. 33, March T., 1916, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1913, No. 394, for defendant n. o. v. in case of E. J. Taylor v. Wm. M. Siers and Russell Uhl, doing business as Wm. M. Siers Cigar Company.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assumpsit for goods sold and delivered.  Before WOODWARD, J.

From the record it appeared that pending suit, but before the trial of the case, one of the joint defendants, Russel Uhl, died, and plaintiff, upon learning of his death, suggested of record his death, and a substitution thereon, of John H. Uhl, executor, and Sarah H. Uhl, executrix, but no service of a scire facias, or a rule to show cause was made upon them.

On the trial of the cause, Rush Trescott, Esq., a member of the bar, appeared at the trial, and directed that his appearance should be entered of record as follows: "Rush Trescott, Esq., for Wm. M. Siers, individually, and Wm. M. Siers Cigar Company, and for the Estate of Russel Uhl, deceased."

In the course of the trial no objection was made by the attorney for the defendants to the manner in which the executors were substituted on the record.

On June 5, 1915, the jury rendered a verdict in favor of the plaintiff.

On June 9, 1915, defendants, through their counsel, filed reasons for a new trial and judgment non obstante veredicto, on the ground that plaintiff had not proven the existence of a partnership.

On July 9, 1915, the attorneys for the executors of the estate of Russell Uhl, deceased, filed additional reasons for judgment non obstante veredicto, wherein they averred that the executors of the estate of Russel Uhl, deceased, not having been properly made parties to this suit, the verdict could not be sustained.

The court entered judgment for the executors non obstante veredicto.

*Error assigned* was in entering judgment for executors non obstante veredicto.

*Charles M. Bowman,* with him *Reynolds & Reynolds,* for appellant.—Failure to deny, by affidavit, answer, or depositions, the right of counsel to appear for them, is equivalent to admission that he had proper authority: Danville, Etc., R. R. v. Rhoades, et al., 180 Pa. 157; McAlphine Street, 40 Pa. Superior Ct. 268.

While a writ of scire facias, or rule to show cause may be the usual methods employed, plaintiff is not obliged to resort to such methods: Ash, et al., v. Guie, to use, etc., 97 Pa. 493; Dingman v. Amsink, 77 Pa. 114.

*Henry W. Dunning,* with him *Mulford Morris,* for appellee.—At common law, the death of a partner, joint defendant, pendente lite, terminated the liability of the deceased partner or his estate, and the surviving partner sued was alone liable: Walter v. Ginrich, 2 Watts 204; Given v. Albert, 5 Watts & Sergeant 333; Miller v. Reed, 27 Pa. 244.

A liberal construction of the Act of March 22, 1861, P. L. 186, permits the plaintiff to bring in the executor or

administrator and proceed against him and the survivor at the same time to judgment: Dingman v. Amsink, 77 Pa. 114; Brady v. Reed, 87 Pa. 111; Dowling v. McGregor, 91 Pa. 410; Ash v. Guie, 97 Pa. 493; Mochette v. Magee, 9 Philadelphia 24.

In the case at bar, it is patent, that until the substitution of the Uhl Estate executors under the statute, all proceedings in the cause, on the part of the plaintiff, could only be directed toward and contemplate the surviving defendant, Wm. M. Siers; that the attorney of record, Rush Trescott, Esq., had only authority to represent him in the matter.

OPINION BY HENDERSON, J., July 28, 1916:

This action was brought against William M. Siers and Russell Uhl doing business as the Wm. M. Siers Cigar Company. The action was based on a contract alleged to have been entered into by the plaintiff with the defendants. The summons was regularly served on the defendants an appearance entered for them and an affidavit of defense filed. Uhl, one of the defendants, having died, the plaintiff suggested of record his death and the substitution of his executors. This was done November 25, 1914. The case was called to trial June 5, 1915, Rush Trescott, Esq., appearing for Wm. Siers individually and Wm. M. Siers Cigar Co. and for the estate of Russell Uhl, deceased. A verdict was returned for the plaintiff; thereupon the defendants filed a motion for a new trial and for judgment non obstante veredicto. The learned trial judge discharged the rule for judgment as to Siers but made it absolute as to the executors of Uhl and from this action the plaintiff appealed. The reason assigned for entering judgment for the Uhl estate was that the record did not show that the executors were properly brought into court. This question was not raised during the trial and was suggested after the motion for judgment non obstante veredicto on the ground that the court had refused to instruct the jury that the evidence was

not sufficient to show that Uhl was a member of the firm
had been filed.   It may well be doubted whether the de-
fendants' second point is a request for binding instruc-
tions within the meaning of the Act of April 22, 1905, P.
L. 286, and therefore a sufficient support for a rule for
judgment non obstante veredicto, but it is not necessary
to decide that question, as we regard the reason moving
the court to the action appealed from insufficient.   It
appears from the record that an appearance was regu-
larly entered for all of the defendants after the action
was brought and that after the substitution of the execu-
tors of Uhl the same attorney appeared for all of the
defendants and conducted the trial on their behalf.   The
course adopted was similar to that taken in Gingman v.
Amsink, 77 Pa. 114, in which the Act of March 22, 1861,
relating to the substitution of the legal representatives of
the deceased defendant was discussed and the judgment
affirmed, and that case was cited with approval in Dowl-
ing v. McGregor, 91 Pa. 413.   It was held in Ash v.
Guie, 97 Pa. 493, that "a liberal construction of the stat-
ute (Act of 1861) permits the plaintiff to bring in the
executor or administrator and proceed against him and
the survivor at the same time to judgment." If, however,
the substitution was not lawfully effected the appearance
of Mr. Trescott for the defendants cured that irregularity
or at least imposed on the appellees the necessity of show-
ing that such appearance was without their authority.
No objection was made at any stage of the trial to the
manner in which the executors were brought in and there
is no averment by affidavit, petition or otherwise that his
appearance was not with their knowledge and authority.
An attorney is an officer of the court into which he is ad-
mitted to practice.   His admission and license to prac-
tice raise a presumption prima facie in favor of his right
to appear for any person whom he undertakes to repre-
sent.   When his authority to do so is questioned or de-
nied the burden of overcoming this presumption rests on
him who questions or denies his authority, and such per-

son must show by affidavit the existence of facts tending
to overcome the presumption before the attorney can be
called upon to file his warrant of attorney: Danville,
Etc., R. R. Co. v. Rhoades, 180 Pa. 157. It was said in
McCullough v. Ry. Mail Assn., 225 Pa. 118, "It is a
familiar rule of practice in this State that an appearance
by the defendant cures any defect or irregularity in the
service of the writ. A defendant may appear in person
or by counsel. If he appear by counsel, the latter causes
his name to be entered on the record." A defendant can
not deny the jurisdiction of the court and at the same
time defend the cause on its merits which implies a sub-
mission to its jurisdiction. The same rule is supported
in McAlpine St., 40 Pa. Superior Ct. 268. After an ap-
pearance in a trial on the merits the plaintiff ought not
to be deprived of the result on the theory that the de-
fendant was not regularly in court without some evi-
dence from the latter that the attorney assuming to rep-
resent him was not authorized so to do. The learned
trial judge based his conclusion on the decision in Hill v.
Truby, Townsend's App., 117 Pa. 320, but in that case
as appears from the opinion the record did not inform
the court how the representatives of the deceased party
were brought in nor that they were brought in at all. It
did not appear by whose authority or direction the sub-
stitution was made nor did the record show an appear-
ance for the administrators. Under such circumstances
the court held that the record was defective and would
not sustain a verdict and judgment. The case is unlike
that before us in these respects. We are of the opinion
that the record does not exhibit a state of facts which
supports the action of the court below. The motion for
a new trial does not appear to have been disposed of be-
low and the record will therefore be remitted to enable
the court to dispose of that subject.

The judgment is reversed and the record remitted to
the court below for further proceedings.