## Monroe County National Bank v. Correll et al.

*Practice, C. P.—Rule to file warrant of attorney.*

1. A rule to file a warrant of attorney is not a rule of course, and when entered without leave of court will be discharged.

2. It is not good practice for an attorney to sign any paper which is to be filed of record unless it discloses whom he represents.

Rule on plaintiff to file his warrant of attorney. C. P. Northampton Co., April T., 1921, No. 108.

*Israel Krohn, per se; George W. Geiser, Jr.,* for rule.

STEWART, P. J., July 9, 1923.—On June 19, 1923, the following præcipe in above suit was filed: "Enter rule upon Israel Krohn, Esquire, to file his warrant of attorney in behalf of plaintiff above named in the office of the prothonotary, Court of Common Pleas of Northampton County, Pennsylvania, forthwith, at the above referred to term of court, namely, July Term, 1923, proceedings to stay meanwhile. (Signed) George W. Geiser, Jr., Attorney for Rule." The record shows that Mr. Krohn caused a summons in *assumpsit* to be issued on April 2, 1921, in above case. Judgment was entered on June 7, 1921. On June 18, 1923, Mr. Krohn issued an attachment in execution on above judgment to the executors of Wenselus Koehler, deceased, attaching moneys in their hands alleged to be due the above named defendants. Mr. Krohn asked for the discharge of the rule to file his warrant of attorney for two reasons: First, because it was too late; and, secondly, because it was issued without an allowance by the court. In Mercier *v.* Mercier, 2 Dallas, 142, the record is: "This cause stood on the list for trial. Duponceau moved for a rule on the plaintiff to file his warrant of attorney. But, By the Court: It has been often ruled that this application must be made before plea pleaded. Rule refused." To the same effect is Campbell *v.* Galbreath, 5 Watts, 423, and Giankaris *v.* Hines, Director General, 273 Pa. 21. Those decisions have been followed· in a multitude of Common Pleas cases. It is, however, contended that as this was an attachment execution, it must be distinguished from above authorities, and that the attachment execution is really a separate action. In Barr *v.* King, 96 Pa. 485, Mr. Justice Trunkey said: "This writ is in the nature of an execution against the defendant in the judgment on which it issues; but it is essentially in the nature of a suit at law against the garnishee, who may appear, plead, have a trial by jury, and writ of error,

as in other actions at law: Fithian *v.* New York & Erie R. R. Co., 7 Casey, 114." In Kennedy *v.* Agricultural Ins. Co., 165 Pa. 179, Mr. Chief Justice Sterrett said: "As to the defendants in the judgment on which it issues, it is a species of execution process, but as to the garnishee who becomes a party defendant therein, it is an original process—a summons commanding him to appear and show cause, if any he has, why judgment in favor of the plaintiff should not be levied of the goods and effects of the defendant in his hands. In form as well as in effect, the summons clause of an attachment execution required to be served on the garnishee is in every proper sense of the term a 'writ,' and, therefore, within the provisions of the act." See, also, First National Bank of New Bethlehem *v.* Maikranz, 44 Pa. Superior Ct. 225. In those cases the question was raised by the garnishees. The defendants could not compel Mr. Krohn to file his warrant after judgment. The 71st section of the Act of April 14, 1834, P. L. 333, is not to be construed to compel the attorney who had recovered the judgment to file his warrant when he issued an attachment execution, except a case was made out under the practice hereinafter indicated. Counsel signed above præcipe "Attorney for Rule." What does that mean? An attorney must represent somebody. Our rule of court requires him to file a præcipe when he enters his appearance, stating whom he represents. This was not done. If he represents defendants, he has no standing; if the garnishees, he should so state. The second reason is also well founded. This rule was issued by the prothonotary without any allowance by the court. In Mitchell on Motions and Rules, page 16, "rule on counsel to file his warrant of attorney" is listed as an office rule, although Mr. Justice Mitchell, on page 14, states that he is in doubt as to whether his list is an accurate one or not, and in a note, page 14, he states: "In City *v.* Strawbridge, 4 W. N. C. 215, counsel proceeded with unusual caution by a *motion* for rule, and the court is reported as deciding the case, after consideration, upon the motion. No question, however, seems to have been raised as to the method of proceeding. . . . I have not observed any case in which the right has been at all in question, the contest always being on the *sufficiency* of the warrant filed in obedience to the rule." He did not have in mind the Supreme Court case of Mercier *v.* Mercier, 2 Dallas, 142 where the motion was made to the court, although the case is referred to in the note. His book was published in 1879. In 1888, the late President Judge Schuyler, in Com. *v.* Serfass, 1 Northamp. Co. Repr. 173; s. c., 5 Pa. C. C. Reps. 139, held that: "A rule to file a warrant of attorney under the Act of April 14, 1834, is not a rule of course. The rule in this case, entered without leave of court, was discharged." Judge Schuyler, in a very careful opinion, in which he reviews all the authorities, said: "The effect of a rule upon an attorney to file his warrant is to suspend the proceedings (Meyer *v.* Littell, 2 Pa. 177,) and to that extent, if the rule has been improperly entered, it is an impediment to justice. Moreover, disguise it as we may, such rules in many instances operate as an imputation on the honor of attorneys which should not unnecessarily be permitted. Add to what has been said that it is no longer the practice for attorneys to take warrants from their clients, and that the procuring of the warrant would, in addition to the delay of the proceedings, often be attended with expense, we think we have sufficient reason for holding that rules upon attorneys to file their warrants ought not to issue of course." We fully agree with what has just been quoted, and that case rules the practice in this court. Since that decision, both the Supreme and Superior Courts have endorsed Judge Schuyler's position. In Danville, etc., R. R. Co. *v.* Rhodes et al., 180 Pa. 157, Mr. Justice Williams said (Mr. Justice Mitchell being then a mem-

4 D. & C.

ber of the Supreme Court) : "It is elementary law that an attorney is an officer of the court in which he is admitted to practice. His admission and license to practice raise a presumption, *prima facie,* in favor of his right to appear for any person whom he undertakes to represent. When his authority to do so is questioned or denied, the burden of overcoming this presumption in his favor rests on him who questions or denies his authority, and such person must show by affidavit the existence of facts tending to overcome the presumption before he can be called upon to file his warrant of attorney: Weeks on Attorneys-at-Law, 387 to 400. The established practice in this country and England is to apply to the court by petition, stating the facts relied on to overcome the presumption and asking a rule upon the attorney to file his warrant. When he has complied with the rule by filing a warrant sufficient in form and in the manner of its execution, the rule has been complied with and is *functus officio.* If the warrant is alleged to be defective, or forged, or in any manner insufficient to justify the court in treating it as authority for the appearance of the attorney, the defect should be pointed out by exceptions and its sufficiency passed upon by the court. If the court holds the warrant sufficient, the case proceeds. If it is held insufficient, proceedings therein will be stayed or, in a proper case, the suit may be dismissed." The above was quoted with approval in Taylor *v.* Siers, 63 Pa. Superior Ct. 564.

And now, July 9, 1923, rule on Mr. Krohn to file his warrant of attorney is discharged.

From Henry D. Maxwell, Easton, Pa.