### Babcock v. Wambaugh and Crescent Oil Co. et al.

*Practice, C. P.—Appearance—Inadvertent entry—Striking off appearance.*
Where it is made to appear that a general appearance was entered inadvertently and without authority by an attorney for a party defendant, such appearance will be stricken off.

Rule to strike off appearance entered by defendants' attorney.   C. P. Blair Co., No. 1005, in Equity.

*Robert W. Smith* and *Marion D. Patterson*, for plaintiff.

*D. L. Claycomb* and *Thomas C. Hare*, for defendants.

BALDRIGE, P. J., Jan. 3, 1924.—A member of the bar entered an appearance in this action as follows: "Now, Nov. 22, 1922, I appear for the defendants in the above stated case."

On April 30, 1923, the Peoples Natural Gas Company petitioned to strike off the appearance in its behalf, alleging that the attorney appearing for it was not authorized nor directed to represent it in this action, and that it was without the knowledge of the company until April 24, 1923, that his appearance was entered in its behalf.

It appears from depositions that the general appearance entered for all the defendants was inadvertently made. The appearing attorney testified that he was not employed by the Peoples Natural Gas Company nor authorized by it to enter appearance in this case.

The general presumption is that when an attorney-at-law appears for a defendant, he has authority so to do. The fact that he appears is *prima facie* evidence of his authority, but if the attorney appears without authority, his acts can bind no one. If there is a doubt as to the attorney's authority, the adverse party may call upon him to produce his warrant of attorney or otherwise satisfy the court of his authority. If the appearance is unauthorized, then it is the duty of the court to set it aside. This may be necessary even after judgment is rendered: 2 Ruling Case Law, 325; 6 Corpus Juris, 631; Danville, etc., v. Rhodes, 180 Pa. 157.

The plaintiff in this case relied upon the case of Heller v. Waller, 2 Kulp, 334. In that case, however, there was no question as to the original authority of the attorney appearing for the defendants. It was an effort of the counsel for the defendant to withdraw his acceptance of service after four years had elapsed. Such an action, the court held, was prejudicial to the plaintiff. Such are not the facts here. There was no contract of employment ever entered into; there was no authority vested in the attorney, according to the uncontradicted testimony taken, so that his appearance did not bind the petitioner, as his act respecting it was invalid and void.

The rule to strike off the appearance is, therefore, made absolute.
4 D. & C.