## Shure v. Goodinate Company, Inc.

*M. E. Cohen, Simon Pearl* and *Henry Arronson*, for plaintiff.

*R. T. McCracken* and *B. A. Illoway*, for defendant.

FERGUSON, P. J., Oct. 24, 1930. — Plaintiff and defendant entered into an agreement for arbitration. Among other things, it was provided that should an award be made by the board of arbitration to the party of the first part the party of the second part was to immediately conform thereto, and upon failure to comply with the award, any attorney might immediately appear for the party of the second part and therein confess judgment against the party of the second part for the amount of the award.

A confession of judgment was filed on May 27, 1930, signed by an attorney-at-law appearing for the defendant, in which it was recited that an award by the board of arbitration had been made in favor of plaintiff in the sum of $17,500, and, in pursuance of the warrant contained in the agreement of arbitration, judgment was confessed against defendant in that sum. This confession recited the clause of the agreement containing the warrant and also the language of the award. Attached to the confession was a copy of the original agreement and an averment that after notice of the award defendant had failed to make payment.

A rule has been taken to strike off the judgment, and, in our opinion, the rule must be discharged. It was argued that the agreement did not provide for an amicable action and confession of judgment, and, hence, no judgment could be entered by confession. We do not agree with this contention. The defendant could have confessed judgment itself, and what it could do itself it could authorize its agent to do. In this case it specially authorized any attorney to confess judgment for it. It was not necessary for an amicable action or for an adverse action. A confession of judgment could be entered without either. Had the document containing the warrant shown on its face a sum certain to be due, the prothonotary could have entered judgment. The confession was made by an attorney-at-law. It is presumed that he has a right to appear for any person whom he undertakes to represent: Danville R. R. Co. *v.* Rhodes, 180 Pa. 157. When he shows his warrant, the only matter for inquiry is whether or not that warrant is sufficient to justify his act. The language of the warrant authorizes any attorney immediately to appear for the defendant and confess judgment. It is true this language does not indicate in what forum the attorney is to appear, but since the confession authorized the entry of judgment, the presumption is that the judgment was to be

entered in a court having jurisdiction. In Cooper *v.* Shaver, 101 Pa. 547, a warrant very similar to the one before us was considered, and it was held that a judgment entered on such a warrant could not be attacked for irregularity. In that case it was held that the authority was given to an attorney-at-law, although the word "attorney" only was used and the document indicated no court in which the judgment was to be entered.

The rule to strike off the judgment is discharged.