## Moore et al. v. Steinman Hardware Company

Bard & Brown, Charles J. Margiotti, and Adrian F. Busick, for plaintiffs.
Windolph & Mueller, for defendant.

SCHAEFFER, J., May 18, 1934.—This suit was brought originally by Amy Moore, individually, against the defendant to recover an additional amount in

excess of what was mutually agreed upon by all parties and paid by defendant for the capital stock of Steinman Hardware Company belonging to the estate of Sylvester Z. Moore, deceased. Defendant filed an affidavit of defense raising questions of law, stating, inter alia: "Whatever right of action, if any, results from the facts alleged in plaintiff's statement of claim, is a right of action in the executors of Sylvester Z. Moore, deceased, and not in the plaintiff".

Thereupon, at the instance of Amy Moore, the caption of the suit was amended to read as follows: "Amy Moore, and Amy Moore and Farmers Trust Company of Lancaster, a corporation, executors and trustees under the last will and testament of Sylvester Z. Moore, deceased, v. Steinman Hardware Company, a corporation". An amended statement of claim was filed, and then defendant presented its petition praying for an order directed to attorneys for plaintiffs to file their warrant of attorney in accordance with the Act of April 14, 1834, P. L. 333. No reasons are set forth in the petition for demanding a warrant of attorney. A rule was granted by the court, and, before the return day, a warrant of attorney was filed in the prothonotary's office by Amy Moore, individually, and Amy Moore, as one of the executors and trustee of the last will and testament of Sylvester Z. Moore, deceased, appointing Charles J. Margiotti, of Pittsburgh, Adrien F. Busick, of the City of Washington, District of Columbia, and W. Hensel Brown, of Bard & Brown, of Lancaster City, her true and lawful attorneys in law and in fact to appear for her in the above proceeding. No warrant of attorney has been filed by Farmers Trust Company of Lancaster, and it may be assumed that no such warrant of attorney can be obtained by the above-named attorneys.

The controlling question at issue at this stage of the proceedings is whether the warrant of attorney filed is a sufficient compliance with the Act of 1834. Can this suit in its present form be maintained against the apparent dissent of Farmers Trust Company of Lancaster as one of the executors and trustees under the will of Sylvester Z. Moore, deceased?

Sections 71 and 72 of the Act of April 14, 1834, P. L. 333, provide: "The attorney for the plaintiff in every action, shall, if required, file his warrant of attorney in the office of the prothonotary or clerk of the court in which such action shall be depending, at the term of the court in which he declares; and the attorney for the defendant shall, if required, file in like manner his warrant of attorney, at the term of the court in which he appears.

"If any attorney shall neglect or refuse to file his warrant of attorney in the manner required by law, he shall not be allowed a fee in the bill of costs, nor be suffered to speak in the cause until he shall have filed his warrant."

This act is in force in this State: Fisler v. Reach, 202 Pa. 74 (1902); Commonwealth v. Great American Indemnity Co., 312 Pa. 183 (1933). No case in Pennsylvania like the instant case, involving coexecutors or cotrustees, can be found. However, in similar cases the rights of the parties as to procedure have been construed. In the early case of Sweigart v. Berk et al., 8 S. & R. 308, 311, the Supreme Court of this State decided that if a bond be given by 10 obligees jointly, an action by 7 of them only, when all are living, cannot be supported. However, the court in its opinion said: "The action may be brought on the penalty of the bond, in the name of all the obligees, and the judgment entered in such a manner as to secure the separate interest of each. The action may be supported, although some of the obligees have received their shares, because the bond is forfeited, unless they have all been paid. It was objected, that those who had been paid, might refuse to join in the action, or might release the obligor. But the Court would permit those who were unpaid, to make use of

the names of the other obligees against their consent; neither would their release be suffered to be set up, in bar of the action."

Following the case of Sweigart v. Berk et al., it was decided in Erhard et al., v. Simpson et al., 68 Pitts. 204 (1920), that a rule by defendant to compel an attorney to file a warrant of attorney authorizing him to institute suit must be discharged where suit was brought in the names of copayees on a promissory note, and that the attorney who represented one of the payees was not obliged to obtain the consent of his copayee to enter suit to enforce his rights. The law gave him that right, even against the wishes of the other.

In Clark et al. v. Slate V. R. Co., 136 Pa. 408, two of three members of a partnership brought suit in the firm name upon a contract made by the firm, to collect what was alleged to be due upon it. The defendant obtained a rule on the party appearing as attorney for the plaintiffs to file his warrant of attorney, purporting to be given by the three partners trading as Clarke, Smart & Company, which was signed by only two of the partners in the name of the firm. At page 416 of the opinion, a distinction was drawn between the right to use the names of all the partners in the caption of the suit and the jurisdiction of the court over a dissenting partner. It is said: "The power of one partner to bind his copartners relates to acts properly done in the business of the firm. He may assert or defend the rights of his firm, and, in so doing, he represents it and acts in its stead; but when he attempts to subject another member of the firm to the jurisdiction of the court by appearing for him, he acts as an individual, and, like any other individual attempting the same thing, he must show his authority, or his act will be held to be unauthorized." It was held that the names of the partners in the suit should be stated on the record and that a majority of the partners, while acting in good faith and within the scope and purpose of the partnership, may give a valid warrant of attorney in the name of the firm authorizing a suit, notwithstanding the dissent of a minority of the partners.

Following Clarke et al. v. Slate V. R. Co., supra, it was decided in Thompson v. Graham et al., 34 Pa. C. C. 362, that a general appearance may be entered for a partnership without binding the individuals who compose the partnership, where only some of the partners authorized such appearance for the firm.

In Union Naval Stores Co. v. Pugh et al., 156 Ala. 369, it was decided by the Supreme Court of Alabama, in a suit brought by two of three tenants in common to recover damages for trespass to realty, that the name of the third party as coplaintiff may be inserted by amendment in the caption of the suit. The court said: "The legal interest in the cause of action resides in all three of the present plaintiffs; and any one of them, in the first instance, could have used the names of all as plaintiffs, either with or without consent." The court held also that the third party may be protected by indemnity against costs from those prosecuting the suit.

In The Danville, Hazleton and Wilkes-Barre R. Co. v. Rhodes et al., Admrs., 180 Pa. 157, 159, Mr. Justice Williams said: "An attorney is an officer of the court in which he is admitted to practice. His admission and license to practice raise a presumption prima facie in favor of his right to appear for any person whom he undertakes to represent. When his authority to do so is questioned or denied the burden of overcoming this presumption in his favor rests on him who questions or denies his authority, and such person must show by affidavit the existence of facts tending to overcome the presumption before he can be called upon to file his warrant of attorney". See also McAlpine Street, 40 Pa. Superior Ct. 268.

In the case at bar, the warrant of attorney has been filed by one of the two executors or trustees in behalf of the estate. The court concludes that this is a

sufficient compliance with the Act of 1834, supra. The decision of this court is limited to the right of Amy Moore, as one of the executors and trustees of the last will and testament of Sylvester Z. Moore, deceased, to use the name of Farmers Trust Company of Lancaster as her coexecutor and cotrustee without the latter's permission and apparently against its objection. Whether this suit is binding on her coexecutor or cotrustee without its joinder, or on the estate, is not now determined.

And now, May 10, 1934, the rule to show cause why the attorneys for plaintiffs should not be required to file a warrant of attorney is discharged.

From George Ross Eshleman, Lancaster, Pa.