## Commonwealth, etc., v. Pladas, etc.

Before Palmer, P. J., Curran, Dalton and Staudenmeier, JJ.

*Joseph J. Zapitz*, for Commonwealth.

*Isadore E. Krasno*, for defendant.

DALTON, J., January 7, 1952.—The Commonwealth recovered a verdict for expenses incurred by it in maintaining defendant's daughter at the Wernersville State Hospital. Within four days after the verdict, defend-

ant filed motions for judgment n. o. v. and for a new trial. Defendant subsequently died on August 15, 1951. The Commonwealth then filed a suggestion of record stating the fact of defendant's death and suggesting that his executors be substituted as defendants. So far as the record discloses, nothing further was done toward making the executors parties to the action.

The motions for judgment n. o. v. and for a new trial have been placed upon the argument list by præcipe of the Commonwealth. No appearance has been entered or brief filed on behalf of defendant's executors.

The suggestion of death filed by plaintiff simply gave record notice of the facts stated therein; it did not of itself make the executors parties to the action, in the absence of process served upon them and an order of substitution entered (Philadelphia, to use, v. Jenkins et al., 162 Pa. 451, 456), or in the absence of their voluntary appearance: Taylor v. Siers, 63 Pa. Superior Ct. 564. The present practice is clearly indicated by Pa. R. C. P. 2352(b), which provides:

"If the successor does not voluntarily become a party, the prothonotary, upon præcipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

In the case at bar, nothing effective has been done to make the executors parties. No rule to show cause has been entered and served upon them; no order of substitution has been made; and they have not voluntarily appeared. Since they are not parties to the action, no order or judgment may validly be entered either in their favor or against them. See Hill et al. v. Truby, 117 Pa. 320, 325, where it was held that if the record shows the death of defendant but fails to show that defendant's personal representatives be-

came parties to the action, either by their voluntary appearance or in consequence of adverse process served upon them, the record is fatally defective, and will not support a judgment against the personal representatives.

May we enter an order or judgment either in favor of or against deceased defendant? The statute of 17 Charles II, chap. 8, made perpetual by 1 James II, chap. 17, sec. 5, is in force in Pennsylvania: Chase v. Hodges, 2 Pa. 48; Wood v. Boyle, 177 Pa. 620, 6 Standard Pa. Practice 565, 566. The statute (Robert's Digest of British Statutes, 2nd ed., p. 377) provides:

"That in all actions, personal, real or mixt, the death of either party between the verdict and the judgment, shall not hereafter be alleged for error, so as such judgment be entered within two terms after such verdict."

In the case at bar, more than two terms have elapsed since the verdict. But it has been held, also, that, independently of the statute, the courts have a discretionary common-law power in such case to enter judgment nunc pro tunc as of a term in which the party was living: Griffith v. Ogle et al., 1 Binney 172; Murray et al. v. Cooper, 6 S. & R. 126; Fitzgerald v. Stewart, 53 Pa. 343, 346-47; Wood v. Boyle, 177 Pa. 620, 633. Cf. Schaeffer, to use, v. Coldren et al., 237 Pa. 77, 85-86. See, also, 6 Standard Pa. Practice 263.

We are, however, unwilling to exercise such discretionary power in the circumstances here present. We are of opinion that the motions should not be disposed of until effective steps have been taken to make defendant's executors parties to the action, so that the interests of the estate may be properly safeguarded. Cf. Braum, to use, v. Rohrbach et ux., 297 Pa. 496, 498.

And now, January 7, 1952, the within case is stricken from the argument list and the papers are returned to the office of the prothonotary.