LOUIS AX, Appellant, *v.* MEYER & LANGE, Respondent.

First Department, October 11, 1917.

**Depositions — commission to Holland — vacation of stay of proceedings pending execution and return of commission.**

Where, in an action by an assignee of a merchant in Holland to recover damages for the agreed price of goods sold for shipment in this country, it appears that the cause of action accrued some eight months before the present war began; that the action was not begun for nearly two years after it accrued; that, although the answer contains denials which, if persisted in, will make it necessary for plaintiff to prove the making of the contract and the shipping of the merchandise, the real and only controversy is as to whether or not the goods so shipped were of merchantable quality; that plaintiff's order for a commission to Holland was so amended as to grant a stay of proceedings with leave to defendant to move to vacate in case the execution and return of the commission should be unreasonably delayed, and that the plaintiff has taken no steps to procure the

First Department, October, 1917. [Vol. 179.

issuance of the commission and the settlement of the interrogatories, and seeks to have the stay continued until after the end of the war, a motion to vacate the stay may be granted under the circumstances, if the defendant will stipulate that the contract was made as alleged in the complaint, and that the defendant refuses to accept delivery solely by reason of the condition of the goods; otherwise, the motion will be denied.

MOTION to vacate stay of proceedings pending execution and return of a commission to take testimony in the Kingdom of Holland.

*Clarence A. Appleton,* for the appellant.

*Edward W. Drucker,* for the respondent.

PER CURIAM:

Plaintiff sues as assignee of a merchant in Holland, for damages for the agreed price of 400 hogsheads of sauerkraut sold for shipment in this country in 1913. Issue was joined in October, 1915, and the cause noticed for trial for the January term, 1916. The answer contains a series of denials which, if persisted in, would make it necessary for plaintiff to prove the making of the contract and the shipment of the merchandise. To make this proof it will be necessary for plaintiff to take the evidence of witnesses in Holland, and if he cannot procure that testimony he will apparently be compelled to submit to a nonsuit. The interference with the means of intercommunication between this country and Holland arising out of the present war makes it very difficult for plaintiff to obtain from his assignor in Holland the specific information to enable him to prepare proper interrogatories.

After two ineffectual efforts to obtain an order for a commission, plaintiff finally obtained such an order, but without a stay of proceedings. On appeal, this court, on May 4, 1917, amended the order for a commission by granting a stay of proceedings, with leave to defendant to move to vacate it in case the execution and return of the commission should be unreasonably delayed. (177 App. Div. 713.) Since that time the plaintiff has taken no steps to procure the issuance of the commission and the settlement of the interrogatories. He gives as the reason for this failure to proceed the fact that he has written several letters to Holland for the necessary information, but has been unable to get any replies thereto,

and he asks in effect that the stay be continued until after the end of the war, when regular mail communication between this country and Holland shall have been restored.

We can appreciate the plaintiff's embarrassment, although we cannot close our eyes to the fact that it arises in some part from his own delay in bringing suit, and prosecuting it. The cause of action accrued some eight months before the present war began, and the action was not begun for nearly two years after the cause of action accrued. It is a matter of common knowledge that a long time elapsed after the commencement of the war before mail communications between this country and Holland became seriously interrupted. If the plaintiff be compelled to submit to a nonsuit, he would meet the same embarrassment if he began another suit while the war lasts, and the Statute of Limitations may run before the war is over. On the other hand, the defendant should not be subjected to the danger of losing the testimony of witnesses now available.

It appears quite clearly from a second and separate defense contained in the defendant's answer that there is no real question as to the making of the contract, and of the attempt on the part of plaintiff's assignor to fulfill it by shipping the requisite quantity of sauerkraut, and the real and only controversy in the case is as to whether or not the goods so shipped were of merchantable quality.

Under all the circumstances the defendant should not insist upon its formal denials.

The motion to vacate the stay will, therefore, be granted if defendant will stipulate that the contract was made as alleged in the complaint; that plaintiff's assignor attempted to fulfill it and did actually ship 200 hogsheads of sauerkraut to defendant, and that defendant refused to accept delivery thereof, solely by reason of the condition of the goods. Otherwise the motion will be denied.

Present — CLARKE, P. J., SCOTT, DOWLING, SMITH and PAGE, JJ.

Motion to vacate stay granted, if defendant comply with terms stated in opinion; otherwise, motion denied. Order to be settled on notice.