## Devasil, etc., v. Diakovasilis

*Alvah M. Shumaker*, for libellant.

*Robert M. White* and *Elmer D. O'Neil*, for respondent.

BRAHAM, P. J., October 16, 1942.—In this action for divorce an appearance, an answer on the merits, and a petition for alimony pendente lite and for counsel fees have been filed on behalf of defendant. Plaintiff has countered by entering a rule upon the attorneys who

have appeared for defendant to file their warrant of attorney as is provided by the Act of April 14, 1834, P. L. 333, sec. 71, 17 PS §1632. To this Robert M. White and Elmer D. O'Neil, the attorneys appearing for defendant, reply by narrating the manner of their employment. The case was placed upon the argument list and argued without the taking of any testimony. Hence we may treat the case as if heard upon bill and answer: Heisler v. Thomas Colliery Co. et al., 274 Pa. 448. In any event there seems to be no dispute as to the material facts.

The libel sets out that libellant and respondent were married in October of 1922 at Othos, Scarpanto County, State of Eges, Italy, where both were domiciled. In 1925 libellant came to Pennsylvania to reside permanently and here he has since lived; respondent remained at all times at their old home. The libel alleges that the husband came to America with the understanding that his wife would follow him; arrangements were made for her to come in 1935 but she refused to do so. Hence the charge of desertion, which is denied in the answer.

The answer to the rule to file a warrant of attorney and all the other pleadings are filed for defendant by one Hronis Hazimanolis who alleges that he is an uncle of respondent and her closest relative in the United States; that respondent is now interned in the Aegean Islands, a province of Italy, which is at war with the United States; that she has frequently complained to him about libellant's treatment of her, and has begged him to prevail upon libellant to bring his family to this country. A letter dated December 11, 1939, is attached to the answer and is cited by the uncle as his authority for employing the lawyers. This letter recounts the melancholy state of respondent and her children and begs to be brought to New Castle.

The immediate and pressing question in the case is the sufficiency of the purported warrant of attorney,

but this is not the controlling matter. The fundamental question is, whether this case can or should be proceeded with at this time in the absence of respondent? Should it be proceeded with to the extent of disposing of this warrant of attorney and, further, should the case be heard on the merits, it being impossible to reach respondent?

The answer is that the court itself should take a hand.

". . . the Commonwealth is always the unnamed third party to a divorce proceeding, and the court . . . on its behalf, should take up the investigation of any fact, the determination of which is material to the issue involved": Bonomo v. Bonomo, 123 Pa. Superior Ct. 451, 454.

The question of service is here material. To be sure, there have been issued an original, an alias, and a pluries subpœna, all duly returned. There has been advertisement according to the statute. But this case was not instituted until April 25, 1942, months after the Kingdom of Italy declared war upon the United States. We take judicial notice of the state of war and the impossibility of communicating with persons in Italian territory: Watts, Watts & Co., Ltd., v. Unione Austriaca di Navigazione, etc., 248 U. S. 9, 63 L. ed. 100; 20 Am. Jur. 83, §62.

Everyone understands that neither knowledge of the advertisement in the newspaper nor the mailed notice required by our rule of court 88 could possibly have reached respondent in Italian territory. Judges will not shut their minds to truths that all others can see and understand: 20 Amer. Jur. 46, §16.

It was stated at oral argument that plaintiff and defendant are Greeks; but from the record before us respondent seems to be an Italian subject unless the language "interned" implies that she is a Greek held in Italian territory. In either event the rule is the same; the case should not be proceeded with until it is possible to communicate with defendant,

If respondent is an Italian citizen the case should be continued until justice may be done—even to those who are now by their own acts classed as our enemies: Watts, Watts & Co. v. Unione Austriaca di Navigazione, supra. The Watts case and the case of The Kaiser Wilhelm II, 246 Fed. 786, L. R. A. 1918C 795, are cases where proceedings against absent enemy owners of ships were held open until the end of the war. There is no better way of vindicating the principles for which we fight than by adhering resolutely to our settled standards of justice.

If respondent should be considered a Greek national, there is all the more reason for respecting and preserving her rights. Between us and our gallant Greek allies our enemies now stand in great force. The entire power of this Nation is being devoted to a beating down of those barriers by war. Until our foes are removed and normal communication restored, plaintiff will have to wait: Ax v. Meyer & Lange, 179 App. Div. 615, 166 N. Y. Supp. 934. In time of war the courts have general power to continue pending cases until a just and fair hearing may be had: annotation, 137 A. L. R. 1135; In re Henrichs' Estate, 180 Cal. 175, 179 Pac. 883.

The Act of 1834 contemplates that Messrs. White and O'Neil should secure their warrant from respondent, not from her uncle. Their warrant is presumed to be valid (The Danville, Hazleton & Wilkes-Barre Railroad Co. v. Rhodes et al., 180 Pa. 157), but they cannot prove it until peace is restored. This case should not be put on the narrow ground of Qualey, Admx., v. Scott, 28 Dist. R. 605, and kindred cases, but on the broad ground of public policy outlined in this opinion. Thus, proceedings on the rule for a warrant of attorney, a disposition of the petition for alimony and counsel fees, and trial on the merits must alike await the termination of the war.

No injustice from deprivation of alimony pendente lite will result because in a criminal proceeding for

adultery against defendant sentence was suspended upon the condition that he pay into court money to be used for the relief of his family when they can be reached. We may properly take judicial notice of the criminal case: Hall v. Hall, 122 Pa. Superior Ct. 242.

The interests of justice require that this case be held in its present status until respondent, whether enemy alien or ally, is no longer prevented by the state of war now existing from appearing and presenting her defense. Entertaining these views we make the following

### Order

Now, October 16, 1942, this case is continued generally pending a time when it will be possible to communicate with respondent and to allow her to present her defense to this action, if she desires.